DÁVILA, APPELLANT, *v.* THE REGISTRAR, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of
San Juan, Section 2, denying admission to record.

No. 171.—Decided March 6, 1914.

MORTGAGE—RECORD OF TITLE.—When a mortgaged property is not recorded in the
    registry of property in the name of the mortgagor, the mortgage cannot be
    recorded in the name of the mortgagee. See *Durán et al.* v. *The Registrar,*
    decided March 6, 1914.

The facts are stated in the opinion.

*Mr. Enrique Márquez Huertas* for appellant.

Mr. José Benedicto, the registrar, appeared by brief *pro se.*

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

By public deed No. 88 executed in Bayamón on August 18,
1913, before Notary Enrique Márquez Huertas, the spouses
Juana Durán and Francisco Jiménez acknowledged having
received from José Ramos Rivera and Virgilio Dávila Ca-
brera $600 and $2,180 respectively as loans which they agreed
to repay within a specified period. As security therefor they
mortgaged a property described under letter B consisting of a
two-story wooden house 12 *varas* in front by 25 *varas* deep, on
Toa Baja Street, Bayamón, in favor of Ramos Rivera, and
gave Dávila y Cabrera a second mortgage on the same house
and a mortgage on another urban property described under
letter A and consisting of a lot situated on Comerío Street,
Bayamón, containing 413.70 square meters, bounded on the
front, or south, by Comerío Street; on the rear, or north, by a
proposed street without name; on the east, or right entering,
by a lot belonging to the Successors of San Miguel Hermanos,
and on the left, or west, by a property belonging to Miguel
Granela and containing three houses, one built of imported
lumber with a zinc roof measuring eight *varas* in front by
eight *varas* in depth, with a gallery and five doors in front,

a one-story wooden house with a zinc roof six *varas* in front by ten deep, and a one-story wooden house with a zinc roof nineteen *varas* in front by eight *varas* deep.

According to the said mortgage deed the property described under letter A is the result of a consolidation made by the spouses Durán-Jiménez in a deed bearing the same date of August 18, 1913, of a house and lot belonging to the wife and another lot with a wooden house belonging to the conjugal partnership of Durán and Jiménez. On the consolidated property there is a house built by the wife with money belonging to both spouses.

When the said deed was presented in the Registry of Property of San Juan, Section 2, for record, the registrar recorded it as to the property described under letter B, but denied its admission to record with respect to the property described under letter A, for the reason stated in his decision of December 20, 1913, to the effect that the said property was not recorded in the name of the mortgagors, a cautionary notice having been entered for the legal period.

This decision is submitted to our consideration in an appeal taken by Virgilio Dávila from the part thereof adverse to him.

We find the decision appealed from to be in accordance with law.

We have decided today administrative appeal No. 170 from a decision of the Registrar of Property of San Juan, Section 2, taken by Juana Durán and her husband, Francisco Jiménez, in which decision the said registrar refused to admit to record the deed of consolidation of the properties and the newly constructed house referred to in the deed executed for that purpose on August 18, 1913, and our decision affirms the decision of the registrar. Therefore the ground on which the decision here appealed from rests is good. The mortgaged property has not been recorded in the registry and therefore the mortgage cannot be recorded. Articles 20 of

the Mortgage Law and 244 of the Regulations for its execution.

The decision appealed from is affirmed.

*Affirmed.*

Justices Wolf, del Toro and Aldrey concurred.